for the agency's removal to be sustained. *Smith v. U.S. Postal Serv.*, 789 F.2d 1540, 1541 n. 1 (Fed.Cir.1986) (stating that dismissal of criminal charges does not weaken an agency's case of removal); *see Serrano v. United States*, 222 Ct.Cl. 52, 612 F.2d 525, 530, (1979) (noting that an acquittal of charges at court martial did not preclude agency from independently determining whether an employee acted improperly). Further, the agency is in no way estopped from imposing an adverse employment action solely because the criminal proceedings resulted in no conviction. The elements of a criminal violation are different from the elements of misconduct that must be proved to the board. The standard of proof is also higher in a criminal case (beyond a reasonable doubt) than in a proceeding before the board (preponderance of the evidence). *See Rodriguez–Ortiz v. Dep't of the Army*, 46 M.S.P.R. 546, 548 (1991) ("A determination by a court that the government had insufficient evidence to prove its criminal case beyond a reasonable doubt will not preclude an agency from attempting to prove the same set of facts by a preponderance of the evidence in a related administrative action."). Therefore, the lack of a criminal conviction does not preclude the agency from removing Mr. Wilson based on a charge of possession of illegal drugs or controlled substances.

Here, the board considered the testimony of the arresting officers and Mr. Wilson's statement during arrest, did not find Mr. Wilson's explanations credible, and accordingly found that the agency had proved its charge by a preponderance of the evidence. We find no error in the board's decision. We therefore affirm.

No costs.

*This case was not selected for publication in the Federal Reporter*

*NOTE: Pursuant to Fed. Cir. R. 47.6, this order is not citable as precedent. It is a public order.*

**Patrick M. WHITE, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

**No. 2007–3007.**

United States Court of Appeals, Federal Circuit.

Nov. 15, 2006.

Patrick M. White, pro se.

## ORDER

The petitioner having failed to pay the docketing fee required by Federal Circuit Rule 52(a)(1) and to file the required Statement Concerning Discrimination, it is

ORDERED that the petition for review be, and the same hereby is, DISMISSED, for failure to prosecute in accordance with the rules.

*This case was not selected for publication in the Federal Reporter*

*NOTE: Pursuant to Fed. Cir. R. 47.6, this order is not citable as precedent. It is a public order.*

**Kathleen A. PETTY, Petitioner,**

v.

**UNITED STATES POSTAL SERVICE, Respondent.**

**No. 2007–3015.**

United States Court of Appeals, Federal Circuit.

Nov. 15, 2006.

Kathleen A. Petty, pro se.

880

## ORDER

The petitioner having failed to pay the docketing fee required by Federal Circuit Rule 52(a)(1) and to file the required Statement Concerning Discrimination, it is

ORDERED that the petition for review be, and the same hereby is, DISMISSED, for failure to prosecute in accordance with the rules.

*This case was not selected for publication in the Federal Reporter*

*Note: Pursuant to Fed. Cir. R. 47.6, this order is not citable as precedent. It is a public order.*

### Robert A. HARTNESS, Claimant–Appellee,

v.

### R. James NICHOLSON, Secretary of Veterans Affairs, Respondent–Appellant.

No. 2007–7024.

United States Court of Appeals, Federal Circuit.

Nov. 15, 2006.

## ORDER

The parties having so agreed, it is

ORDERED that the proceeding is DISMISSED under Fed. R.App. P. 42(b).

*This case was not selected for publication in the Federal Reporter*

*NOTE: Pursuant to Fed. Cir. R. 47.6, this order is not citable as precedent. It is a public order.*

### Charles D. GRIFFIN, Petitioner,

v.

### DEPARTMENT OF DEFENSE, Respondent.

No. 2006–3319.

United States Court of Appeals, Federal Circuit.

Nov. 16, 2006.

Charles D. Griffin, pro se.

## ORDER

The petitioner having failed to file the brief required by Federal Circuit Rule 31(a) within the time permitted by the rules, it is

ORDERED that the petition for review be, and the same hereby is, DISMISSED, for failure to prosecute in accordance with the rules.

*This case was not selected for publication in the Federal Reporter*

*NOTE: Pursuant to Fed. Cir. R. 47.6, this order is not citable as precedent. It is a public order.*

### RENDA MARINE, INC., Plaintiff–Appellant,

v.

### UNITED STATES, Defendant–Appellee.

No. 2006–5127.

United States Court of Appeals, Federal Circuit.

Nov. 16, 2006.

## ORDER

Order Vacated, See 2006 WL 3922781.